UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SURGERY CENTER OF VIERA,
LLC,

        Plaintiff,

v.                                                  Case No. 6:22-cv-393-JA-LHP

CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

        Defendant.
_____

## ORDER

This case comes before the Court on Defendant Cigna Health and Life Insurance Company's (Cigna) Motion to Dismiss Second Amended Complaint (Doc. 36) and Plaintiff Surgery Center of Viera, LLC's (SCV) Response (Doc. 39). For the reasons set forth below, the Motion will be granted.

### I.    BACKGROUND

SCV sued Cigna for breach of contract, unjust enrichment, and quantum meruit under Florida law because Cigna allegedly "significantly underpaid" SCV for medical services that SCV provided to a patient. (Doc. 1 ¶¶ 1, 31, 40, 42, 52). The patient was insured under an ERISA[1] plan that Cigna administered. (*Id.* ¶ 7). The complaint incorporated the ERISA plan by reference. (*Id.* at 1 n.1). And it referred to the plan's "germane insurance policy language" to explain that Cigna owed SCV the "maximum reimbursable charge." (*Id.* ¶¶ 20–21). SCV also alleged that by contract, it was entitled

---

[1] Employee Retirement Income Security Act of 1974

to "an allowed amount re-pricing rate of 80% of SCV's billed charges less patient responsibilities (*e.g.*, co-pay, deductible, co-insurance) subject to the patient's annual out-of-pocket maximum," as well as "a 100% reimbursement rate for hard costs (e.g., prosthetics / implants)." (*Id.* ¶ 14).

In setting forth its allegations, the complaint was not clear and concise. Instead of stating a short and plain claim to relief, the complaint included verbose legal arguments aimed at an anticipated preemption defense: for example,

> In sum, as evidenced by the variety of things noted in this averment, this action has nothing to do with coverage (i.e., "right of payment"), it has everything to do with the amount Defendant paid out (i.e., "rate of payment") on covered HCFA codes based on a mystery Defendant's re-pricing contract / formula / program separate and distinct from the Plan insurance document (Exhibit A). In other words, the mystery Defendant's re-pricing contract / formula / program that Defendant used in re-pricing the subject claim and the re-pricing contract / agreement (Ex. C) that SCV contends should have been used do not "relate to" the Plan document (Ex. A); i.e., resolution of Counts I-III will not relate to (at least not beyond a fleeting reference to, at most) the Plan document (Ex. A). Once more, "relation to" defensive ERISA preemption simply does not apply here in relation to Counts I-III. And as many Courts (several in this jurisdiction, to boot) have found, complete preemption most definitely does not apply to cases of this ilk.

(*Id.* ¶ 8).

Cigna moved to dismiss the complaint on three grounds: as a shotgun pleading for these deficiencies, as defensively preempted by ERISA, and for failure to state a claim on the merits. (Doc. 15). The Court granted the motion on the shotgun-pleading and defensive-preemption grounds and did not consider the merits of the claims. (Doc. 31 at 3.) As to defensive preemption, the Court looked to the allegations about "germane insurance policy language" and "maximum reimbursable charge," and it agreed with Cigna that there was no way to determine how much SCV was supposed to get paid without consulting the ERISA plan because the payment agreement calculated payment

by deducting patient co-pay, deductible, co-insurance, and non-covered amounts. (*Id.* at 13–14.)

As to the pleading deficiencies, the Court "instructed [SCV] to omit: (1) legal arguments and conclusory allegations related to an anticipated preemption defense; and (2) the use of slashes ('/') and parenthetical sentences, except where absolutely necessary," in the amended complaint. (*Id.* at 9 n.6.) But when SCV amended the complaint, it streamlined the allegations a bit but did not eliminate the legal arguments, slashes, and parenthetical sentences that it was told to omit. (*See, e.g.*, Doc. 32 ¶¶ 10–12 & n.5, ¶¶ 18, 29.) As a result, the Court sua sponte dismissed the amended complaint for failure to follow the ordered instructions. (Doc. 33.) SCV filed a second amended complaint that made few substantive changes but eliminated the slashes and, to an extent, the parenthetical sentences. (*See* Doc. 34.)

## II.   STANDARD OF REVIEW

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court "accept[s] all facts alleged in the complaint as true and draw[s] all inferences in the plaintiff's favor." *Carruth v. Bentley*, 942 F.3d 1047, 1053 (11th Cir. 2019).

## III. DISCUSSION

Cigna moves to dismiss the second amended complaint because it is defensively preempted by ERISA and because it fails to state claims for breach of contract, unjust enrichment, and quantum meruit under Florida law. (Doc. 36 at 6–20.) The Court agrees that defensive preemption applies, so it does not address the merits of the claims.

ERISA provides that it "shall supersede any and all [s]tate laws insofar as they may now or hereafter relate to any [applicable] employee benefit plan." 29 U.S.C. 1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines*, 463 U.S. 85, 96–97 (1983). "[S]tate law claims 'relate to' an ERISA plan for preemption purposes 'whenever the alleged conduct at issue is intertwined with the refusal to pay benefits.'" *Hall v. Blue Cross/Blue Shield*, 134 F.3d 1063, 1065 (11th Cir. 1998) (quoting *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997)).

"Defensive preemption defeats claims that seek relief under state-law causes of action that 'relate to' an ERISA plan." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999). "It has long been settled that claims such as [state-law breach of contract claims] 'relate to' an ERISA plan." *Id.* (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987)).

Defensive preemption applies to defeat SCV's claims, which are "intertwined with the refusal to pay" more benefits under the plan. *See Hall*, 134 F.3d at 1065. Like the original and amended complaints, the second amended complaint alleges that the contract at issue set "an allowed amount re-pricing rate of 80% of SCV's billed charges

less already established and undisputed patient responsibilities (*e.g.*, co-pay, deductible, co-insurance) subject to the patient's annual out-of-pocket maximum." (Doc. 34 ¶ 22.) As with the original complaint, the Court agrees with Cigna that there is no way to determine what SCV is owed under the contract without examining the patient's "co-pay, deductible, co-insurance, and non-covered amounts" under the ERISA plan. (*See* Doc. 36 at 11–12.) SCV seeks to recover under an express contract or, in the alternative, under unjust enrichment (a contract implied in law) or quantum meruit (a contract implied in fact). *See JD Dev. I, LLC v. ICS Contractors, LLC*, 351 So. 3d 57, 60 (Fla. Dist. Ct. App. 2022). All claims relate to the ERISA plan in the same way, and thus, all are defensively preempted. *See Butero*, 174 F.3d at 1215.

In the response to the motion, SCV briefly seeks leave to amend. (Doc. 39 at 2 & n.2, 19 n.7.) This request will be denied for not being properly raised in a motion. *See Newton v. Florida*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("Standing alone, the request possessed no legal effect for two reasons. First, where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly. Second, a request for a court order must be made by motion. The motion must be in writing unless made during a hearing or trial. And it must state with particularity the grounds for seeking the order, and state the relief sought." (cleaned up)). Additionally, the Court denies the request because SCV has demonstrated "repeated failure to cure deficiencies by amendment" and because amendment would be futile given the defensive preemption under ERISA. *See Blackburn v. Shire US Inc.*, 18 F.4th 1310, 1317–18 (11th Cir. 2021) (identifying "repeated failure to cure deficiencies by

amendment" and "futility" as two of the five factors that "a count considers" "[w]hen deciding whether to grant leave to amend").

## IV. CONCLUSION

Accordingly, Cigna's Motion to Dismiss Second Amended Complaint (Doc. 36) is **GRANTED**. The Second Amended Complaint (Doc. 34) is **DISMISSED with prejudice**. This case is dismissed, and the Clerk is **DIRECTED** to close this case.

**DONE and ORDERED** in Orlando, Florida, this 20 day of August, 2023.

JOHN ANTOON II
United States District Judge